661 A.2d 717

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**James L. LEKIN**

**Misc. (Subtitle BV) No. 45, Sept. Term, 1992.**

Court of Appeals of Maryland.

July 18, 1995.

Melvin Hirshman, Bar Counsel, Crownsville, for the Atty. Grievance Com'n of Md., for petitioner.

John E. Sandbower, III, Baltimore, for respondent.

Dissenting Opinion by RAKER, J., in which CHASANOW and BELL, JJ., join.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

## ORDER

The Court having considered the petition of James L. Lekin to terminate suspension, the answer of the Attorney Grievance Commission of Maryland ("Commission"), and the consent of counsel for the Petitioner and the Commission to this order, it is this 18th day of July, 1995,

ORDERED, by the Court of Appeals of Maryland, a majority of the Court concurring, that the petition be, and it is hereby, GRANTED and the suspension of Petitioner to practice law is terminated, and it is further

ORDERED that Petitioner shall continue to attend regular meetings of Alcoholics Anonymous and report regularly to

Richard Vincent, Director of Lawyer Counseling for the Maryland State Bar Association and Mr. Vincent shall render written reports for two (2) years from the date of this order to Bar Counsel for the Commission that Petitioner is complying with this provision, and it is further

ORDERED that should Petitioner not join a law firm with a separate bookkeeping department, any escrow or trust account Petitioner maintains shall be co-signed by a member of the Bar acceptable to Bar Counsel, which member of the Bar will also monitor Petitioner's law practice and render quarterly reports to Bar Counsel for two (2) years from the date of this Order.

Judges CHASANOW, BELL and RAKER dissent as reflected in the following dissenting opinion.

RAKER, Judge, dissenting:

A little over a year ago, the petitioner received an indefinite suspension with the right to reapply for reinstatement not earlier than one year from October 14, 1993. The petitioner misused trust funds, responded falsely to an interrogatory, testified falsely at a deposition, and allowed an incorrect financial statement to be filed in his divorce case. Moreover, the petitioner testified falsely before the Inquiry Panel investigating these matters. Today, nineteen months later, this Court terminates his suspension and, with certain conditions, allows the petitioner to resume the practice of law in the State of Maryland. I most respectfully dissent.

I am mindful that the purpose of disciplinary proceedings is not to punish the offending attorney, but to protect the public. On the petition for disciplinary action filed by Bar Counsel, the hearing judge found that the petitioner had been subject to longstanding marital problems, depression, alcohol dependency, and personality disorders for a period of time, and that these factors did, to a substantial extent, cause the misconduct. This Court accepted those findings, as well as Bar Counsel's recommendation that the petitioner's misconduct warranted an indefinite suspension. *Cf. Attorney Griev.*

*Comm'n v. Willemain,* 297 Md. 386, 466 A.2d 1271 (1983) (where alcohol is a substantial factor in bringing about misconduct, practice is to suspend indefinitely rather than disbar). I am mindful, however, that petitioner wilfully misused trust money in violation of Maryland statute, Maryland Code (1989, 1993 Cum.Supp.) § 10–306 of the Business Occupations and Professions Article, and engaged in other very serious misconduct.

Before this Court terminates the suspension, I believe Bar Counsel should conduct an appropriate investigation and refer the petition for termination of the suspension to an Inquiry Panel and the Review Board. *See* Maryland Rule BV14 d 2. The burden of proof is on the petitioner to establish by clear and convincing evidence "that his medical and emotional problems are in such control that he may properly" engage in the practice of law. *Attorney Griev. Comm'n v. Willemain,* 305 Md. 665, 681, 506 A.2d 245, 253 (1986). This inquiry is necessary to protect society's interest in its legal system. Without clear and convincing assurances that similar incidents will not be repeated, I do not believe that the petitioner should be allowed to practice law in this State.

Judge CHASANOW and Judge BELL join in the views expressed herein.